■ In the Matter of YESENIA M. and Another, Children Alleged to be Abused and/or Neglected. ANGEL M., Appellant; COMMISSIONER OF SOCIAL SERVICES, Respondent, et al., Respondents. [657 NYS2d 411] —Orders of disposition, Family Court, New York County (Sara Schechter, J.), entered on or about November 20, 1995 and January 23, 1996, which placed respondent-appellant's granddaughter with the Commissioner of Social Services for a period of 12 months and directed that he have no contact with her until he completed sex offender treatment, and placed appellant's son in the custody of the latter's mother and directed that appellant's visits with him be supervised, following a fact-finding determination that appellant had sexually abused the granddaughter and derivatively neglected the son, unanimously affirmed, without costs.

The granddaughter's clear, detailed, consistent and repeated out-of-court statements of abuse were strongly corroborated by medical evidence of vaginal abnormalities (Family Ct Act § 1046 [a] [vi]; *see, Matter of Nicole V.,* 71 NY2d 112, 122; *Matter of Estina W.,* 181 AD2d 554) and proof of appellant's violation of an order of protection that had been issued upon prior findings of his sexual abuse of the granddaughter and barring his contact with her. The derivative finding of neglect as to the son was properly based on the abuse of the granddaughter (Family Ct Act § 1046 [a] [i]; *see, Matter of Jaquay O.,* 223 AD2d 422, *lv denied* 88 NY2d 801). The dispositional directive that appellant complete sex offender treatment before being allowed unsupervised visits with the son was a proper exercise of discretion, in view of appellant's repeated abuse of the granddaughter and evidence that his daughter and wife are fearful

of him, all of which shows a man with a faulty understanding of parenting and no regard for the welfare of his family. Concur—Milonas, J. P., Nardelli, Williams and Andrias, JJ.